UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| THOMAS MILLER, | ) | CASE NO. 5:16CV1817 |
| --- | --- | --- |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) | OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, Defendant. | ) ) ) ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Objections of Plaintiff Thomas Miller to the Magistrate Judge's Report & Recommendation, recommending that the Court adopt the Administrative Law Judge's ("ALJ") findings and deny Plaintiff's claim for Disability Insurance Benefits. (ECF DKT #14). For the following reasons, the Court ADOPTS in part and REJECTS in part, the Magistrate Judge's Report & Recommendation and AFFIRMS the Commissioner's denial of Plaintiff's claims.

## FACTS

Neither Plaintiff nor Defendant has contested the facts in the Magistrate Judge's Report & Recommendation. Accordingly, all facts from the Report & Recommendation are incorporated.

**I.  Procedural History**

On August 1, 2013, Miller applied for Disability benefits, alleging a disability onset date of October 1, 2011. On June 17, 2015, an Administrative Law Judge held a hearing on the

claims. Dkt 10 at 107. Plaintiff, represented by counsel, testified, as did a vocational expert. *Id.* at 109. On August 5, 2015, the ALJ issued his decision and found that Plaintiff was able to perform a significant number of jobs in the national economy and therefore, was not disabled. *Id.* at 93. The Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision final. *Id.* at 1. Plaintiff filed the instant action on July 18, 2016. (ECF DKT #1).

## II.     Factual Background

Plaintiff was injured in February 2009, when he felt a sudden and painful "pop" in his right wrist. Plaintiff states that he became unable to work on October 1, 2011. Plaintiff had a tear in his cartilage and ligament. Plaintiff had decreased range of motion, stiffness, weakness and decreased grip strength in his right hand. Plaintiff has worked as a welder/fitter and a welding machine tender.

## III.    Medical Assessments

Plaintiff was examined by several doctors and state examiners, testing Plaintiff's range of motion and strength in his right wrist. On December 2, 2013, Plaintiff appeared for a consultive physical exam by Dr. Steven Rodgers. State reviewing physician Anne Prosperi, D.O., examined Plaintiff on December 11, 2013. Finally, after the June 2015 hearing, the ALJ issued interrogatories to medical expert John Sassano, D.O., to evaluate Plaintiff's ability to lift and carry with his right hand and Plaintiff's level of control and maneuverability with that hand.

## ANALYSIS

## I.     Standard of Review

### A.     Rule 72(b)

Rule 72(b)(3) of the Federal Rules of Civil Procedure provides that the "district judge

must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3) (emphasis added). *See also* 28 U.S.C. § 636(b)(1). The district judge "may accept, reject, or modify" the recommendations made by the Magistrate Judge. *Id.*. The district judge must review only specific objections and the factual and legal issues so related to those specific objections. *Futo v. Smith*, 2011WL1811071, *4 (N.D. Ohio 2011). *See also Thomas v. Arn*, 474 U.S. 140, 147 (1985). Further, where a party has failed to "properly object[] to" any matters, the district judge shall review "the Report and Recommendation only for clear error." *Renelique v. Doe*, No 99-10425, 2003WL23023771, *1 (S.D.N.Y. Dist. Ct. 2003).

      B.      <u>The Standard of Review Concerning the ALJ's Findings</u>

The district judge must determine whether the final decision of an ALJ is supported by substantial evidence and is based upon proper legal standards. *Rogers v. Commissioner of Social Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *Elam ex rel. Golay v. Commissioner of Social Security*, 348 F.3d 124, 125 (6th Cir. 2003); *Fleischer v. Astrue*, 774 F.Supp.2d 875, 876 (N.D. Ohio 2011). In other words, it is not necessary that the reviewing court agree with the decision of the ALJ. *Id.*. The reviewing court is not seeking to determine whether or not the ALJ made the correct decision; but rather, the reviewing court is seeking to determine whether or not the decision made by the ALJ is supported by substantial evidence from the record. *Id.*. In fact, so long as substantial evidence supports the decision of the ALJ, "that [decision] must be affirmed, even if substantial evidence also exists in the record to support [a contrary decision]." *Fleischer*, 774 F. Supp.2d at 877. *See also White v. Commissioner of Social Sec.*, 572 F.3d 272, 281-282 (6th Cir. 2009) ("[A]dministrative findings are not subject to reversal merely because substantial

3

evidence exists in the record to support a different conclusion .. .") (quoting *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir.1994)). This standard encompasses the notion that there is a "zone of choice within which the [ALJ] may proceed without interference from the courts [and if] the decision is supported by substantial evidence, a reviewing court must affirm." *Id.*

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F. 3d 284, 286 (6th Cir.1994)). *See also Fleischer*, 774 F.Supp.2d at 877 (quoting *McGlothin v. Comm'r of Soc. Sec.*, 299 Fed.App'x. 516, 521 (6th Cir. 2008)). *See also Eslinger v. Commissioner of Social Sec.*, 476 Fed.App'x. 618 (6th Cir. 2012) (finding that substantial evidence existed where "the ALJ assigned full weight to the opinions of [one Doctor], little weight to [another], and less weight to those of [another]", *id.* at 620); *Stankoski v. Astrue*, 532 Fed.Appx. 614 (6th Cir. 2013) (finding that there was "ample evidence in the record to support the Commissioner's finding that none of the plaintiff's impairments were disabling in the Social Security context", *id.* at 620). *Cole v. Astrue*, 661 F.3d 931 (6th Cir. 2011) (finding that "the ALJ's decision that claimant was not disabled was not supported by substantial evidence", *id.*, in light of the ALJ's failure to provide good reasons for weight actually assigned to opinion of claimant's treating physician.).

Essentially, in reviewing the decision of the ALJ, the District Court must take a three-step approach. This approach is top-loaded, with the first step being the most essential and containing the overall substantively important content of the test. First, the Court must determine whether there is substantial evidence in the record to support the ALJ's findings of

fact. *Rogers*, 486 F.3d at 241; *Elam*, 348 F.3d at 125; *Fleischer*, 774 F.Supp.2d at 876. Second, the Court must determine whether proper legal standards were applied. *Eslinger*, at 620 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-45 (6th Cir. 2004)). Third, the Court cannot uphold an ALJ's decision, even if there "is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer*, 774 F.Supp.2d at 877.

II.  **Plaintiff's Objections to the Report & Recommendation**

   A.  <u>Objection: The ALJ Should Not Have Considered Plaintiff's Failure To Follow Recommended Treatment.</u>

Plaintiff argues that the ALJ and subsequently the Magistrate Judge, improperly relied on Plaintiff's failure to follow through on recommended treatment options in denying Plaintiff's claims. This objection is well founded. While several doctors recommended that Plaintiff receive further treatment, none of them prescribed such treatment and no doctor opined that treatment would restore Plaintiff's ability to work.

Social Security regulations address what course of treatment a patient must follow. The pertinent regulations provide:

> (a) What treatment you must follow. In order to get benefits, you must follow treatment prescribed by your medical source(s) if this treatment is expected to restore your ability to work.
> (b) When you do not follow prescribed treatment. If you do not follow the prescribed treatment without a good reason, we will not find you disabled, or, if you are already receiving benefits, we will stop paying you benefits.

20 C.F.R. § 404.1530. The Sixth Circuit has held that there must be evidence that the proposed treatment would restore the claimant's ability to work. *Fraley v. Sec'y of Health & Human*

5

*Servs.*, 733 F.2d 437, 440 (6th Cir. 1984) (citing *Schena v. Secretary of Health and Human Services*, 635 F.2d 15, 19 (1st Cir.1980))(holding that the ALJ could not deny benefits for failure to follow treatment without an explicit determination that the treatment would restore claimant's ability to work). The Sixth Circuit also distinguished prescribed treatment from merely recommended treatment and held that "[i]t is not the claimant's burden to undergo any and all surgical procedures suggested by his physician lest he is barred from receiving disability benefits." *Fraley* at 440.

As the Report & Recommendation states, no doctor told Plaintiff that treatment would not allow Plaintiff to return to work. However, as Plaintiff noted in the objection to the Report & Recommendation, no doctor told Plaintiff that treatment *would* allow him to return to work, either. *Fraley* makes it clear that the burden is on the government to provide evidence that treatment, if followed, would have restored the ability to work. Furthermore, there is no evidence to suggest that the doctors ever did more than merely recommend treatment options. Once again, the government must show that doctors actually prescribed a course of treatment that was expected to restore the claimant's ability to work. Since there is no such evidence in the record, the ALJ did not rely on substantial evidence in determining that Plaintiff failed to follow through on a course of treatment required under 20 C.F.R. § 404.1530.

      B.    <u>Objection: The ALJ Did Not Rely On Substantial Evidence In Determining That Plaintiff Is Not Disabled.</u>

Plaintiff also objects "in full" to the Report & Recommendation, arguing that the ALJ's decision is not supported by substantial evidence. However, the ALJ's decision to deny benefits was not based solely on the determination that Plaintiff failed to follow a required course of treatment, but also on an independent determination that Plaintiff was capable of performing

6

medium work and therefore, not disabled. This determination was supported by substantial evidence. The record contains evidence from eight different doctors about Plaintiff's injury over a span of more than four years. The ALJ gave the most weight to the most recent medical opinions, which, combined with the testimony of the Vocational Expert, supported the determination that Plaintiff is not disabled. The ALJ is justified in giving less weight to medical opinions where there are "substantial gaps" in the doctor's treatment or where those opinions are based on outdated data. *Tate v. Commissioner*, No. 10-4387, 2012 WL 762884, at *2 (6th Cir. Mar. 9, 2012). Since Plaintiff visited several doctors, many of them only once over four years, the ALJ was justified in giving less weight to the older opinions and more weight to the more recent determinations of Plaintiff's capacity. Therefore, the ALJ's determination that Plaintiff is not disabled was supported by substantial evidence.

## **CONCLUSION**

Even though Plaintiff's objection to the ALJ's finding that Plaintiff failed to follow through on a prescribed course of treatment anticipated to restore his ability to work is well founded, Plaintiff failed to demonstrate that the ALJ's finding that Plaintiff is not disabled was unsupported by substantial evidence.

For the foregoing reasons, the Court ADOPTS in part and REJECTS in part, the Magistrate Judge's Report & Recommendation and AFFIRMS the Commissioner's denial of Plainiff's claims.

**IT IS SO ORDERED.**

                                              **s/ Christopher A. Boyko**
                                              **CHRISTOPHER A. BOYKO**
                                              **United States District Judge**

Dated: July 11, 2017